UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VIDAL RAMIREZ,<br><br>               Petitioner,<br><br>   v.<br><br>NEAL CLARKE, *et al.*,<br><br>               Respondents. | CASE NO.  C05-878-RSL-MJB<br><br>REPORT AND<br>RECOMMENDATION |

<u>INTRODUCTION AND SUMMARY CONCLUSION</u>

On May 11, 2005, petitioner Vidal Ramirez filed, through counsel, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging a final order of removal issued by the Board of Immigration Appeals ("BIA") on or about February 22, 2005.  (Dkt. #1).  At the same time, petitioner filed an emergency request for stay of removal.  (Dkt. #1).  Petitioner asserts in his habeas petition a number of serious legal challenges to his final order of removal, including that the BIA violated the Immigration and Nationality Act ("INA") and his right to due process by failing to properly notify him of its decision; that the BIA erred in affirming the decision of the IJ; and that respondents violated the INA and his right to due process by refusing to allow him to depart the United States under an order of voluntary departure.

REPORT AND RECOMMENDATION
PAGE – 1

On May 23, 2005, respondents filed an opposition to petitioner's request for stay of removal and a motion to transfer the case to the Ninth Circuit Court of Appeals. (Dkt. #5). The basis of respondents' motion is that such transfer is required by Section 106(c) of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, enacted on May 11, 2005. Respondents contend that under the REAL ID Act, the District Court no longer has jurisdiction, habeas or otherwise, to review any removal order for any alien, and therefore, opposes an entry of a stay of removal. (Dkt. #6 at 1). Petitioner opposes respondents motion to transfer, contending that he is not seeking judicial review of a final order of removal, but rather presents a collateral or procedural challenge to his removal order. Petitioner also argues that the District Court's authority to stay his removal pending transfer has not been eliminated by the REAL ID Act.

Having carefully reviewed the entire record, I recommend that petitioner's request for a temporary stay of removal (Dkt. #1) be GRANTED, respondents' motion to transfer (Dkt. #5) be GRANTED, and this case be transferred to the Ninth Circuit Court of Appeals.

### BACKGROUND AND PROCEDURAL HISTORY

Petitioner Vidal Ramirez has lived in the United States since 1993, and currently resides in Port Townsend, Washington with his wife and two United States citizen children. (Dkt. #1 at 1). After the issuance of a Notice to Appear, petitioner appeared before an Immigration Judge ("IJ") on April 19, 2004, requesting cancellation of removal and voluntary departure. The IJ denied petitioner's request for cancellation of removal and granted his request for voluntary departure. (Dkt. #1 at 3).

Petitioner filed an appeal of the IJ's decision to the Board of Immigration Appeals ("BIA"). On or about February 22, 2005, the BIA apparently dismissed petitioner's appeal and ordered him removed from the United States to Mexico. Petitioner alleges that neither he nor

REPORT AND RECOMMENDATION
PAGE – 2

his attorney received a copy of the BIA's decision. On or about May 4, 2005, petitioner received a letter from the Bureau of Immigration and Customs Enforcement ("BICE"), ordering him to report for deportation on May 26, 2005. Petitioner alleges that this letter was the first notice he had that he is under a final order of removal. (Dkt. #1 at 3).

## DISCUSSION

On May 11, 2005, the President signed into law the REAL ID Act of 2005. Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005)(REAL ID Act). Under Section 106(a)(1)(B) of the REAL ID Act, two new paragraphs (4 and 5) were added to 8 U.S.C. § 1252(a). Paragraph 5 of 8 U.S.C. § 1252(a) has particular relevance to this case; it provides:

> (5) EXCLUSIVE MEANS OF REVIEW.--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

REAL ID Act § 106(a). This provision explicitly deprives this Court of jurisdiction under 28 U.S.C. § 2241 to review an order of removal entered under the INA. Moreover, Section 106(b) of the REAL ID Act explicitly provides that Section 106(a) is retroactive: "subsection (a) shall take effect upon the date of enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment." REAL ID Act § 106(b).

In this action, Petitioner seeks judicial review of a final administrative order of removal.

REPORT AND RECOMMENDATION
PAGE – 3

Petitioner contends that he never received a copy of the BIA's decision,[1] and therefore, the Department of Homeland Security cannot lawfully and constitutionally execute his order of removal. Accordingly, petitioner claims that this part of the case does not challenge an order of removal and should not be transferred to the Ninth Circuit Court of Appeals. (Dkt. #8 at 5). Although petitioner contends that his claim presents a collateral or procedural challenge to his final order of removal, the Court finds that petitioner's claim – whether he was properly served and received adequate notice of the BIA's final deportation order – presents a challenge to a final administrative order of removal. Accordingly, under the REAL ID Act, this Court no longer has jurisdiction to entertain this action.

The REAL ID Act specifies that if any § 2241 habeas corpus case challenging a final administrative order of removal, deportation, or exclusion is pending in a district court on the date of enactment, "then the district court shall transfer the case (or any part of the case that challenges the order of removal ...) to the [appropriate] court of appeals." REAL ID Act § 106(c). Accordingly, this action should be transferred to the Ninth Circuit Court of Appeals.

The REAL ID Act, however, did not include any change to the stay provision of INA § 242. Therefore, this Court retains jurisdiction to issue a temporary stay of removal pending a determination on transfer. *Maharaj v. Ashcroft,* 295 F.3d 963 (9th Cir. 2002); *Andrieu v. Ashcroft*, 253 F.3d 477, 479 (9th Cir. 2001)(en banc)(holding that 8 U.S.C. § 1252(f)(2) does not limit the power of federal courts to grant a stay of removal). The standard of review for a stay of removal is set forth in *Abassi v. INS*, 143 F.3d 513, 514 (9th Cir. 1998). Under *Abassi*,

---

[1] Section 292 of Title 8 of the Code of Federal Regulations requires service of "any paper other than a warrant of arrest of a subpoena" upon "the attorney or representative of record, or the person himself if unrepresented." 8 C.F.R. § 292.5; *see Arreaza-Cruz v. INS*, 39 F.3d 909, 911 (9th Cir. 1994).

REPORT AND RECOMMENDATION
PAGE – 4

petitioner must show either: (1) a probability of success on the merits and the possibility of irreparable injury, or (2) that serious legal questions are raised and the balance of hardships tips sharply in petitioner's favor. *Id.* at 514. The Court finds petitioner meets the second prong.

Petitioner alleges that the BIA violated the INA and his right to due process by failing to notify him of its decision; that the BIA erred in affirming the decision of the IJ; and that respondents violated the INA and his right to due process by refusing to allow him to depart the United States under an order of voluntary departure. (Dkts. #1, #8 at 4). These claims arguably raise serious legal questions, and the balance of hardships tips sharply in petitioner's favor. Petitioner has resided in the United States for over 12 years, is married, and has two United States citizen children. Petitioner's wife and children are dependent on petitioner for financial support. *See Andrieu*, 253 F.3d at 484 (finding that important factors in considering whether a petitioner will suffer hardship include separation from family members and potential economic hardship). Accordingly, this Court finds that petitioner's removal from the United States should be stayed to permit him to renew his motion for stay of removal in the court of appeals.

## CONCLUSION

For the foregoing reasons, I recommend that respondents be enjoined from removing petitioner from the United States pending further order of the United States Court of Appeals for the Ninth Circuit, and that this case be transferred to the Ninth Circuit as a Petition for Review pursuant to Section 106(c) of the REAL ID Act. A proposed Order accompanies this Report and Recommendation.

DATED this 9th day of June, 2005.

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 5